Liza M. Walsh
Katelyn O'Reilly
Lauren Malakoff
**WALSH PIZZI O'REILLY FALANGA LLP**
Three Gateway Center
100 Mulberry Street, 15th Floor
Newark, New Jersey 07102-5310
(973) 757-1100
lwalsh@walsh.law

OF COUNSEL:
David I. Berl
Ellen E. Oberwetter
Elise M. Baumgarten
Kaitlin Beach
Adam Pan
Richard Hildreth III
Christian J. Gladden-Sorensen
**WILLIAMS & CONNOLLY LLP**
680 Maine Avenue SW
Washington, DC 20024
(202) 434-5000
dberl@wc.com
eoberwetter@wc.com
ebaumgarten@wc.com
kbeach@wc.com
apan@wc.com
rhildreth@wc.com
cgladdensorensen@wc.com

*Counsel for Plaintiff Intra-Cellular Therapies, Inc.*

**IN THE UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF NEW JERSEY**

| | |
|---|---|
| Intra-Cellular Therapies, Inc.,<br><br>*Plaintiff*,<br><br>v.<br><br>Dr. Reddy's Laboratories Inc. and Dr. Reddy's Laboratories Ltd.,<br><br>*Defendants*. | Civil Action No. ________________<br>**COMPLAINT FOR PATENT INFRINGEMENT**<br><br>**(Filed Electronically)** |

Plaintiff Intra-Cellular Therapies, Inc. ("Intra-Cellular Therapies," "ITCI," or "Plaintiff"), by its attorneys, files this Complaint for patent infringement against Dr. Reddy's Laboratories Inc. and Dr. Reddy's Laboratories Ltd. (collectively, "DRL") and hereby alleges as follows:

**Nature of the Action**

1. This is an action for patent infringement under the patent laws of the United States, 35 U.S.C. § 100 *et seq.*, and for a declaratory judgment of patent infringement under 28 U.S.C. §§ 2201 and 2202 and the patent laws of the United States, 35 U.S.C. § 100 *et seq.*, that arises out of DRL's submission of an Abbreviated New Drug Application ("ANDA") to the U.S. Food and Drug Administration ("FDA") seeking approval to commercially manufacture, use, offer for sale, sell, and/or import a generic version of CAPLYTA® (lumateperone) capsules, 10.5 mg, 21 mg, and 42 mg, prior to the expiration of U.S. Patent No. 11,980,617 ("the '617 patent") and 12,070,459 ("the '459 patent") (collectively, the "Patents-in-Suit").

2. DRL notified Plaintiff by letter dated February 16, 2024 ("DRL's First Notice Letter") that it had submitted to the FDA ANDA No. 219229 ("DRL's ANDA"), seeking approval from the FDA to engage in the commercial manufacture, use, offer for sale, sale, and/or importation of generic lumateperone capsules, 10.5 mg, 21 mg, and 42 mg, ("DRL's ANDA Product") prior to the expiration of U.S. Patent Nos. 8,648,077 ("the '077 patent"), 9,168,258 ("the '258 patent"), 9,199,995 ("the '995 patent"), 9,616,061 ("the '061 patent"), 9,956,227 ("the '227 patent"), 10,117,867 ("the '867 patent"), 10,464,938 ("the '938 patent"), 10,695,345 ("the '345 patent"), 10,960,009 ("the '009 patent"), 11,026,951 ("the '951 patent"), 11,052,084 ("the '084 patent"), 11,690,842 ("the '842 patent"), 11,753,419 ("the '419 patent"), 11,806,348 ("the '348 patent"), RE48,825 ("the RE '825 patent"), and RE48,839 ("the RE '839 patent").

3. On March 28, 2024, Plaintiff sued DRL in this district for infringement of the patents identified in DRL's First Notice Letter. *See* Civil Action No. 3:24-cv-04314-MAS-JBD,

ECF No. 1. That case is currently pending and has been consolidated with Civil Action No. 3:24-cv-04264. ECF No. 22.

4. DRL further notified Plaintiff by letter dated July 8, 2024 ("DRL's Second Notice Letter") that it was seeking approval from the FDA to engage in the commercial manufacture, use, offer for sale, sale, and/or importation of DRL's ANDA Product prior to the expiration of the '617 patent.

**The Parties**

5. Plaintiff incorporates each of the preceding paragraphs as if fully set forth herein.

**6.** Plaintiff Intra-Cellular Therapies ("ITCI") is a corporation organized and existing under the laws of Delaware and having a place of business at 430 East 29th Street, Suite 900, New York, NY 10016. ITCI is the holder of New Drug Application ("NDA") No. 209500 for the manufacture and sale of lumateperone capsules, 10.5 mg, 21 mg, and 42 mg, which have been approved by the FDA.

7. Upon information and belief, Defendant Dr. Reddy's Laboratories Inc. is a corporation organized and existing under the laws of New Jersey and having a principal place of business at 107 College Road East, Princeton, New Jersey 08540.

8. Upon information and belief, Defendant Dr. Reddy's Laboratories Ltd. is a corporation organized and existing under the laws of the Republic of India and having a principal place of business at 8-2-337, Road No. 3, Banjara Hills, Hyderabad, Telangana, India, 500034.

9. Upon information and belief, Dr. Reddy's Laboratories Inc. is the U.S. Regulatory Agent for Dr. Reddy's Laboratories Ltd.

10. Upon information and belief, Dr. Reddy's Laboratories Ltd. and Dr. Reddy's Laboratories Inc. acted in concert to prepare and submit DRL's ANDA to the FDA. Upon information and belief, Dr. Reddy's Laboratories Ltd. and Dr. Reddy's Laboratories Inc. know

and intend that upon approval of DRL's ANDA, Dr. Reddy's Laboratories Ltd. will manufacture DRL's ANDA Product, and Dr. Reddy's Laboratories Inc. will directly or indirectly market, sell, and distribute DRL's ANDA Product throughout the United States, including in New Jersey.

11. Upon information and belief, Dr. Reddy's Laboratories Ltd. and Dr. Reddy's Laboratories Inc. are agents of each other and/or operate in concert as integrated parts of the same business group, including with respect to DRL's ANDA Product, and enter into agreements with each other that are nearer than arm's length. Upon information and belief, Dr. Reddy's Laboratories Inc. participated in, assisted, and cooperated with Dr. Reddy's Laboratories Ltd. in the acts complained of herein.

12. Upon information and belief, following any FDA approval of DRL's ANDA, Dr. Reddy's Laboratories Ltd. and Dr. Reddy's Laboratories Inc. will act in concert to distribute and sell DRL's ANDA Product throughout the United States, including within New Jersey.

## **Jurisdiction**

13. Plaintiff incorporates each of the preceding paragraphs as if fully set forth herein.

14. Jurisdiction is proper in this Court pursuant to 28 U.S.C. §§ 1331, 1338(a), and 2201 and 2202.

15. This Court has personal jurisdiction over each of Dr. Reddy's Laboratories Ltd. and Dr. Reddy's Laboratories Inc.

16. Dr. Reddy's Laboratories Ltd. is subject to personal jurisdiction in New Jersey because, among other things, Dr. Reddy's Laboratories Ltd., itself and through its subsidiary Dr. Reddy's Laboratories Inc., has purposefully availed itself of the benefits and protections of New Jersey's laws such that it should reasonably anticipate being haled into court here. Upon information and belief, Dr. Reddy's Laboratories Ltd., itself and through its subsidiary Dr. Reddy's Laboratories Inc., develops, manufactures, imports, markets, offers to sell, and/or sells generic

drugs throughout the United States, including in the State of New Jersey and therefore transacts business within the State of New Jersey, and/or has engaged in systematic and continuous business contacts within the State of New Jersey. In addition, Dr. Reddy's Laboratories Ltd. is subject to personal jurisdiction in New Jersey because, upon information and belief, it controls Dr. Reddy's Laboratories Inc. and therefore the activities of Dr. Reddy's Laboratories Inc. in this jurisdiction are attributed to Dr. Reddy's Laboratories Ltd.

17. Dr. Reddy's Laboratories Inc. is subject to personal jurisdiction in New Jersey because, among other things, it has purposely availed itself of the benefits and protections of New Jersey's laws such that it should reasonably anticipate being haled into court here. Dr. Reddy's Laboratories Inc. is a corporation organized and existing under the laws of the State of New Jersey, has a principal place of business in the State of New Jersey, is qualified to do business in New Jersey, and has appointed a registered agent for service of process in New Jersey. It therefore has consented to general jurisdiction in New Jersey. In addition, upon information and belief, Dr. Reddy's Laboratories Inc. develops, manufactures, imports, markets, offers to sell, and/or sells generic drugs throughout the United States, including in the State of New Jersey and therefore transacts business within the State of New Jersey related to Plaintiff's claims, and/or has engaged in systematic and continuous business contacts within the State of New Jersey.

18. DRL has previously used the process contemplated by the Hatch-Waxman Act to challenge branded pharmaceutical companies' patents by filing a certification of the type described in Section 505(j)(2)(A)(vii)(IV) of the FDCA, 21 U.S.C. § 355(j)(2)(A)(vii)(IV) ("Paragraph IV certifications"), serving a notice letter on those companies, and engaging in patent litigation arising from the process contemplated by the Hatch-Waxman Act.

19. Upon information and belief, DRL, with knowledge of the Hatch-Waxman Act process, directed DRL's Second Notice Letter to Plaintiff. DRL has been a litigant in connection

with other infringement actions under the Hatch-Waxman Act, and reasonably should have anticipated that by sending DRL's Second Notice Letter to Plaintiff it would be sued for patent infringement in New Jersey, where Dr. Reddy's Laboratories Inc. is located and incorporated.

20. Upon information and belief, if DRL's ANDA is approved, DRL will directly or indirectly manufacture, market, sell, and/or distribute DRL's ANDA Product within the United States, including in New Jersey, consistent with DRL's practices for the marketing and distribution of other generic pharmaceutical products. Upon information and belief, DRL regularly does business in New Jersey, and its practices with other generic pharmaceutical products have involved placing those products into the stream of commerce for distribution throughout the United States, including in New Jersey. Upon information and belief, DRL's generic pharmaceutical products are used and/or consumed within and throughout the United States, including in New Jersey. Upon information and belief, DRL's ANDA Product will be prescribed by physicians practicing in New Jersey, dispensed by pharmacies located within New Jersey, and used by patients in New Jersey. Each of these activities would have a substantial effect within New Jersey and would constitute infringement of the Patents-in-Suit in the event that DRL's ANDA Product is approved before the Patents-in-Suit expire.

21. Upon information and belief, DRL derives substantial revenue from generic pharmaceutical products that are used and/or consumed within New Jersey, and which are manufactured by DRL and/or Dr. Reddy's Laboratories Inc. or Dr. Reddy's Laboratories Ltd. Upon information and belief, various products for which Dr. Reddy's Laboratories Ltd. or Dr. Reddy's Laboratories Inc. is the named applicant on approved ANDAs are available at retail pharmacies in New Jersey.

## Venue

22. Plaintiff incorporates each of the preceding paragraphs as if fully set forth herein.

23. Venue is proper in this district as to Dr. Reddy's Laboratories Inc. pursuant to 28 U.S.C. §§ 1391 and 1400(b) because, *inter alia*, Dr. Reddy's Laboratories Inc. is a corporation organized and existing under the laws of the State of New Jersey, has a principal place of business in the State of New Jersey, and is subject to personal jurisdiction in this judicial district.

24. Venue is proper in this district as to Dr. Reddy's Laboratories Ltd. pursuant to 28 U.S.C. §§ 1391 and/or 1400(b) because, *inter alia*, Dr. Reddy's Laboratories Ltd. is a company organized and existing under the laws of the Republic of India and is subject to personal jurisdiction in this judicial district.

**<u>Factual Background</u>**

25. Plaintiff incorporates each of the preceding paragraphs as if fully set forth herein.

26. CAPLYTA®, which contains lumateperone, is approved for the treatment of schizophrenia in adults, as well as depressive episodes associated with bipolar I or II disorder (bipolar depression) in adults, as monotherapy and as adjunctive therapy with lithium or valproate.

27. In DRL's First Notice Letter and DRL's Second Notice Letter, DRL stated that the subject of DRL's ANDA is lumateperone capsules, 10.5 mg, 21 mg, and 42 mg. In DRL's First Notice Letter, DRL stated that DRL's ANDA was submitted under 21 U.S.C. § 355(j)(1) & (2)(a) and contended that DRL's ANDA contains bioavailability and/or bioequivalence studies for DRL's ANDA Product. Upon information and belief, DRL's ANDA Product is a generic version of CAPLYTA®.

28. In DRL's First Notice Letter, DRL stated that it had submitted Paragraph IV certifications to the FDA alleging that the '077 patent, '258 patent, '995 patent, '061 patent, '227 patent, '867 patent, '938 patent, '345 patent, '009 patent, '951 patent, '084 patent, '842 patent, '419 patent, '348 patent, RE '825 patent, and RE '839 patent are invalid, unenforceable, and/or not infringed, and that DRL is seeking approval to engage in the commercial manufacture, use,

sale, offer for sale, and/or importation of DRL's ANDA Product prior to the expiration of those patents.

29. In DRL's Second Notice Letter, DRL stated that it had submitted Paragraph IV certifications to the FDA alleging that the '617 patent is invalid, unenforceable, and/or not infringed, and that DRL is seeking approval to engage in the commercial manufacture, use, sale, offer for sale, and/or importation of DRL's ANDA Product prior to the expiration of the '617 patent.

30. The purpose of DRL's submission of DRL's ANDA was to obtain, *inter alia*, approval under the Federal Food, Drug, and Cosmetic Act (the "FDCA") to engage in the commercial manufacture, use, offer for sale, sale, and/or importation of DRL's ANDA Product prior to the expiration of the Patents-in-Suit.

**Count I—Infringement of the '617 Patent**

31. Plaintiff incorporates each of the preceding paragraphs as if fully set forth herein.

32. The '617 patent, entitled "Methods of Treating Acute Depression and/or Acute Anxiety" (attached as Exhibit A), was duly and legally issued on May 14, 2024.

33. The inventors named on the '617 patent are Gretchen Snyder, Robert Davis, and Lawrence Wennogle.

34. Plaintiff is the owner and assignee of the '617 patent.

35. CAPLYTA® is covered by one or more claims of the '617 patent, which has been listed in connection with CAPLYTA® in the FDA's publication *Approved Drug Products with Therapeutic Equivalence Evaluations* (commonly known as "the Orange Book").

36. In DRL's First Notice Letter and DRL's Second Notice Letter, DRL notified Plaintiff of the submission of DRL's ANDA to the FDA. The purpose of this submission was to obtain, among other things, approval under the FDCA to engage in the commercial manufacture,

use, offer for sale, sale, and/or importation of DRL's ANDA Product prior to the expiration of the '617 patent.

37. In DRL's Second Notice Letter, DRL also notified Plaintiff that, as part of its ANDA, DRL had filed Paragraph IV certifications with respect to the '617 patent. Upon information and belief, DRL submitted its ANDA to the FDA containing Paragraph IV certifications asserting that the '617 patent is invalid, unenforceable, and/or will not be infringed by the manufacture, use, offer for sale, sale, and/or importation of DRL's ANDA Product.

38. According to DRL's First Notice Letter and DRL's Second Notice Letter, DRL's ANDA Product contains lumateperone.

39. Upon information and belief, the use of DRL's ANDA Product in accordance with and as directed by DRL's proposed labeling for that product would infringe one or more claims of the '617 patent.

40. As an example, claim 1 of the '617 patent recites:

> A method of treating acute depression and/or acute anxiety, comprising administering to a patient in need thereof, a therapeutically effective amount of a Compound of Formula I:

Formula I




> in free, or pharmaceutically acceptable salt form.

41. Upon information and belief, the use of DRL's ANDA Product in accordance with and as directed by DRL's proposed label would involve treating acute depression and/or acute

anxiety, including by administering to the patient in need thereof a free or pharmaceutically acceptable salt form of a Formula I compound (which is lumateperone) in a therapeutically effective dose, as recited in claim 1.

42. Upon information and belief, the use of DRL's ANDA Product in accordance with and as directed by DRL's proposed product labeling would infringe one or more claims of the '617 patent, literally or under the doctrine of equivalents.

43. DRL's submission of DRL's ANDA for the purpose of obtaining approval to engage in the commercial manufacture, use, offer for sale, sale, and/or importation of DRL's ANDA Product before the expiration of the '617 patent was an act of infringement of the '617 patent under 35 U.S.C. § 271(e)(2)(A).

44. Upon information and belief, DRL will engage in the manufacture, use, offer for sale, sale, marketing, distribution, and/or importation of DRL's ANDA Product immediately and imminently upon approval of its ANDA.

45. Upon information and belief, the manufacture, use, sale, offer for sale, or importation of DRL's ANDA Product would infringe, literally and/or under the doctrine of equivalents, one or more claims of the '617 patent.

46. Upon information and belief, the manufacture, use, sale, offer for sale, or importation of DRL's ANDA Product in accordance with and as directed by its proposed product labeling would infringe one or more claims of the '617 patent.

47. Upon information and belief, DRL plans and intends to, and will, actively induce infringement of the '617 patent when DRL's ANDA is approved, and plans and intends to, and will, do so immediately and imminently upon approval. DRL's activities will be done with knowledge of the '617 patent and specific intent to infringe that patent.

48. Upon information and belief, DRL knows that DRL's ANDA Product and its proposed labeling are especially made or adapted for use in infringing the '617 patent, that DRL's ANDA Product is not a staple article or commodity of commerce, and that DRL's ANDA Product and its proposed labeling are not suitable for substantial noninfringing use. Upon information and belief, DRL plans and intends to, and will, contribute to infringement of the '617 patent immediately and imminently upon approval of DRL's ANDA.

49. Notwithstanding DRL's knowledge of the claims of the '617 patent, DRL has continued to assert its intent to manufacture, offer for sale, sell, distribute, and/or import DRL's ANDA Product with its product labeling following FDA approval of DRL's ANDA prior to the expiration of the '617 patent.

50. The foregoing actions by DRL constitute and/or will constitute infringement of the '617 patent; active inducement of infringement of the '617 patent; and/or contribution to the infringement by others of the '617 patent.

51. Upon information and belief, DRL has acted with full knowledge of the '617 patent and without a reasonable basis for believing that it would not be liable for infringement of the '617 patent; active inducement of infringement of the '617 patent; and/or contribution to the infringement by others of the '617 patent.

52. Plaintiff will be substantially and irreparably damaged by infringement of the '617 patent.

53. Unless DRL is enjoined from infringing the '617 patent, actively inducing infringement of the '617 patent, and contributing to the infringement by others of the '617 patent, Plaintiff will suffer irreparable injury. Plaintiff has no adequate remedy at law.

**Count II—Declaratory Judgment of Infringement of the '617 Patent**

54. Plaintiff incorporates each of the preceding paragraphs as if fully set forth herein.

55. The Court may declare the rights and legal relations of the parties pursuant to 28 U.S.C. §§ 2201 and 2202 because there is a case of actual controversy between Plaintiff on the one hand and DRL on the other regarding DRL's infringement, active inducement of infringement, contribution to the infringement by others of the '617 patent, and/or the validity of the '617 patent.

56. The Court should declare that the commercial manufacture, use, sale, offer for sale, and/or importation of DRL's ANDA Product with its proposed labeling, or any other DRL drug product that is covered by or whose use is covered by the '617 patent, will infringe, induce infringement of, and contribute to the infringement by others of the '617 patent, and that the claims of the '617 patent are not invalid.

**Count III—Infringement of the '459 Patent**

57. Plaintiff incorporates each of the preceding paragraphs as if fully set forth herein.

58. The '459 patent, entitled "Pharmaceutical Capsule Compositions Comprising Lumateperone Mono-Tosylate" (attached as Exhibit B), was duly and legally issued on August 27, 2024.

59. The inventors named on the '459 patent are Peng Li and Robert Davis.

60. Plaintiff is the owner and assignee of the '459 patent.

61. CAPLYTA® is covered by one or more claims of the '459 patent, which will be listed in connection with CAPLYTA® in the Orange Book.

62. In DRL's First Notice Letter and DRL's Second Notice Letter, DRL notified Plaintiff of the submission of DRL's ANDA to the FDA. The purpose of this submission was to obtain, among other things, approval under the FDCA to engage in the commercial manufacture, use, offer for sale, sale, and/or importation of DRL's ANDA Product prior to the expiration of the '459 patent.

63. According to DRL's First Notice Letter and DRL's Second Notice Letter, DRL's ANDA Product contains lumateperone.

64. Upon information and belief, the use of DRL's ANDA Product in accordance with and as directed by DRL's proposed labeling for that product would infringe one or more claims of the '459 patent.

65. As an example, claim 1 of the '459 patent recites:

> A pharmaceutical capsule for oral administration, comprising lumateperone:
>
> 
> 
>
> in mono-tosylate salt form, wherein the lumateperone mono-tosylate is in solid crystal form, wherein the capsule comprises the lumateperone mono-tosylate in an amount of about 60 mg lumateperone mono-tosylate in solid crystal form, and wherein the capsule comprises a blend of 10 to 30% by weight of lumateperone mono-tosylate in solid crystal form, and one or more pharmaceutically acceptable diluents or carriers comprising one or more of (a) diluent/filler, (b) binder, (c) disintegrant, (d) lubricant, or (e) a glidant, and wherein administration of an oral dose of a single capsule under fasting conditions provides a maximal plasma concentration of lumateperone of 15-55 ng/mL, and/or a time to

maximal plasma concentration of lumateperone of 0.7 to 1.5 hours, and/or an area under the plasma concentration curve (AUC) extrapolated to infinity (AUC(0-inf)) of 51 to 135 hours-ng/mL.

66. Upon information and belief, DRL's ANDA Product is a pharmaceutical capsule for oral administration comprising lumateperone mono-tosylate in solid crystal form in a blend with one or more of the specific diluents or carriers in the specific amounts recited in claim 1. Upon information and belief, administration of an oral dose of a single capsule of DRL's ANDA Product under fasting conditions will provide a maximal plasma concentration of lumateperone and/or time to maximal plasma concentration of lumateperone and/or area under the plasma concentration curve extrapolated to infinity within the specific ranges recited in claim 1.

67. Upon information and belief, DRL's ANDA Product infringes one or more claims of the '459 patent, literally or under the doctrine of equivalents.

68. DRL's submission of DRL's ANDA for the purpose of obtaining approval to engage in the commercial manufacture, use, offer for sale, sale, and/or importation of DRL's ANDA Product before the expiration of the '459 patent was an act of infringement of the '459 patent under 35 U.S.C. § 271(e)(2)(A).

69. Upon information and belief, DRL will engage in the manufacture, use, offer for sale, sale, marketing, distribution, and/or importation of DRL's ANDA Product immediately and imminently upon approval of its ANDA.

70. Upon information and belief, the manufacture, use, sale, offer for sale, or importation of DRL's ANDA Product would infringe, literally and/or under the doctrine of equivalents, one or more claims of the '459 patent.

71. Upon information and belief, the manufacture, use, sale, offer for sale, or importation of DRL's ANDA Product in accordance with and as directed by its proposed product labeling would infringe one or more claims of the '459 patent.

72. Upon information and belief, DRL plans and intends to, and will, actively induce infringement of the '459 patent when DRL's ANDA is approved, and plans and intends to, and will, do so immediately and imminently upon approval. DRL's activities will be done with knowledge of the '459 patent and specific intent to infringe that patent.

73. Upon information and belief, DRL knows that DRL's ANDA Product and its proposed labeling are especially made or adapted for use in infringing the '459 patent, that DRL's ANDA Product is not a staple article or commodity of commerce, and that DRL's ANDA Product and its proposed labeling are not suitable for substantial noninfringing use. Upon information and belief, DRL plans and intends to, and will, contribute to infringement of the '459 patent immediately and imminently upon approval of DRL's ANDA.

74. Notwithstanding DRL's knowledge of the claims of the '459 patent, DRL has continued to assert its intent to manufacture, offer for sale, sell, distribute, and/or import DRL's ANDA Product with its product labeling following FDA approval of DRL's ANDA prior to the expiration of the '459 patent.

75. The foregoing actions by DRL constitute and/or will constitute infringement of the '459 patent; active inducement of infringement of the '459 patent; and/or contribution to the infringement by others of the '459 patent.

76. Upon information and belief, DRL has acted with full knowledge of the '459 patent and without a reasonable basis for believing that it would not be liable for infringement of the '459 patent; active inducement of infringement of the '459 patent; and/or contribution to the infringement by others of the '459 patent.

77. Plaintiff will be substantially and irreparably damaged by infringement of the ’459 patent.

78. Unless DRL is enjoined from infringing the ’459 patent, actively inducing infringement of the ’459 patent, and contributing to the infringement by others of the ’459 patent, Plaintiff will suffer irreparable injury. Plaintiff has no adequate remedy at law.

**Count IV—Declaratory Judgment of Infringement of the ’459 Patent**

79. Plaintiff incorporates each of the preceding paragraphs as if fully set forth herein.

80. The Court may declare the rights and legal relations of the parties pursuant to 28 U.S.C. §§ 2201 and 2202 because there is a case of actual controversy between Plaintiff on the one hand and DRL on the other regarding DRL’s infringement, active inducement of infringement, contribution to the infringement by others of the ’459 patent, and/or the validity of the ’459 patent.

81. The Court should declare that the commercial manufacture, use, sale, offer for sale, and/or importation of DRL’s ANDA Product with its proposed labeling, or any other DRL drug product that is covered by or whose use is covered by the ’459 patent, will infringe, induce infringement of, and contribute to the infringement by others of the ’459 patent, and that the claims of the ’459 patent are not invalid.

**PRAYER FOR RELIEF**

WHEREFORE, Plaintiff requests the following relief:

(a) A judgment that the Patents-in-Suit have been infringed under 35 U.S.C. § 271(e)(2) by DRL’s submission to the FDA of DRL’s ANDA;

(b) A judgment ordering that the effective date of any FDA approval of commercial manufacture, use, or sale of DRL’s ANDA Product, or any other drug product that infringes or the use of which infringes the Patents-in-Suit, be not earlier than the

expiration dates of said patents, inclusive of any extension(s) and additional period(s) of exclusivity;

(c) A preliminary and permanent injunction enjoining DRL, and all persons acting in concert with DRL, from the commercial manufacture, use, sale, offer for sale, or importation into the United States of DRL's ANDA Product, or any other drug product covered by or whose use is covered by the Patents-in-Suit, prior to the expiration of said patents, inclusive of any extension(s) and additional period(s) of exclusivity;

(d) A judgment declaring that the commercial manufacture, use, sale, offer for sale, or importation of DRL's ANDA Product, or any other drug product covered by or whose use is covered by the Patents-in-Suit, prior to the expiration of said patents, will infringe, induce the infringement of, and contribute to infringement by others of said patents;

(e) A declaration that this is an exceptional case and an award of attorneys' fees pursuant to 35 U.S.C. § 285;

(f) Costs and expenses in this action; and

(g) Such further and other relief as this Court may deem just and proper.

Dated: August 29, 2024

By: _s/Liza M. Walsh_
Liza M. Walsh
Katelyn O'Reilly
Lauren R. Malakoff
**WALSH PIZZI O'REILLY FALANGA LLP**
Three Gateway Center
100 Mulberry Street, 15th Floor
Newark, New Jersey 07102-5310
(973) 757-1100
lwalsh@walsh.law

OF COUNSEL:

David I. Berl
Ellen E. Oberwetter
Elise M. Baumgarten
Kaitlin Beach
Adam Pan
Richard Hildreth III
Christian J. Gladden-Sorensen
**WILLIAMS & CONNOLLY LLP**
680 Maine Avenue SW
Washington, DC 20024
(202) 434-5000
dberl@wc.com
eoberwetter@wc.com
ebaumgarten@wc.com
kbeach@wc.com
apan@wc.com
rhildreth@wc.com
cgladdensorensen@wc.com

## LOCAL RULE 11.2 CERTIFICATION

Pursuant to Local Civil Rule 11.2, I hereby certify that the matter in controversy in this action is related to the following actions: *Intra-Cellular Therapies, Inc. v. Aurobindo Pharma Ltd. et al*, 3:24-cv-04264 (consolidated), pending before the United States District Court for the District of New Jersey, in which Plaintiff asserted claims of patent infringement against, *inter alia*, Defendants in connection with Defendants' submission of ANDA No. 219229; *Intra-Cellular Therapies, Inc. v. Dr. Reddy's Laboratories, Inc. et al*, 3:24-cv-04314-MAS-JBD, before the United States District Court for the District of New Jersey, which has been consolidated with Case No. 3:24-cv-04264-MAS-JBD and in which Plaintiff asserted claims of patent infringement against Defendants in connection with Defendants' submission of ANDA No. 219229.

Dated: August 29, 2024

By: *s/Liza M. Walsh*
Liza M. Walsh
Katelyn O'Reilly
Lauren R. Malakoff
**WALSH PIZZI O'REILLY FALANGA LLP**
Three Gateway Center
100 Mulberry Street, 15th Floor
Newark, New Jersey 07102-5310
(973) 757-1100
lwalsh@walsh.law

OF COUNSEL:
David I. Berl
Ellen E. Oberwetter
Elise M. Baumgarten
Kaitlin Beach
Adam Pan
Richard Hildreth III
Christian J. Gladden-Sorensen
**WILLIAMS & CONNOLLY LLP**
680 Maine Avenue SW
Washington, DC 20024
(202) 434-5000
dberl@wc.com
eoberwetter@wc.com
ebaumgarten@wc.com

kbeach@wc.com
apan@wc.com
rhildreth@wc.com
cgladdensorensen@wc.com

## LOCAL RULE 201.1 CERTIFICATION

I hereby certify that the above-captioned matter is not subject to compulsory arbitration in that the Plaintiff seeks, *inter alia*, injunctive relief.

Dated: August 29, 2024

By: *s/Liza M. Walsh*
Liza M. Walsh
Katelyn O'Reilly
Lauren R. Malakoff
**WALSH PIZZI O'REILLY FALANGA LLP**
Three Gateway Center
100 Mulberry Street, 15th Floor
Newark, New Jersey 07102-5310
(973) 757-1100
lwalsh@walsh.law

OF COUNSEL:
David I. Berl
Ellen E. Oberwetter
Elise M. Baumgarten
Kaitlin Beach
Adam Pan
Richard Hildreth III
Christian J. Gladden-Sorensen
**WILLIAMS & CONNOLLY LLP**
680 Maine Avenue SW
Washington, DC 20024
(202) 434-5000
dberl@wc.com
eoberwetter@wc.com
ebaumgarten@wc.com
kbeach@wc.com
apan@wc.com
rhildreth@wc.com
cgladdensorensen@wc.com